IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNETH BANKS )
)
v. ) NO. 3:08-0734
) JUDGE CAMPBELL
HEALTHWAYS, INC., et al. )

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint (Docket No. 22). For the reasons stated herein, Defendants' Motion is GRANTED in part and DENIED in part as follows.

FACTS

Plaintiff Kenneth Banks is a participant in Defendant Healthways, Inc.'s 401(k) Retirement Savings Plan ("the Plan"). Plaintiff brings this action on behalf of the Plan, pursuant to the Employee Retirement Income Security Act ("ERISA"), against Defendant Healthways, Inc. ("the Company"), the Directors of the Company, the Investment Committee of the Company, and the Officers of the Company. The Company is both Administrator and Sponsor of the Plan.

Plaintiff alleges that Defendants breached their fiduciary duties to Plaintiff and the Plan in several ways: (1) imprudent investment in Company stock and failure to disclose certain information; (2) conflicts of interest; and (3) failure to monitor other Plan fiduciaries (against the Company and Directors only).

The Plan provides that participants may choose among twelve funds in which to invest their own contributions. The Plan also provides that the Company currently contributes, in matching funds, 52 cents for every dollar of a participant's pretax contribution, 15 cents of which is invested

in Company stock. The remainder of the Company's match is invested according to the participant's investment election. Participants may not invest in Company stock and, at all times, have the choice to divest the 15-cent-per-dollar matching contribution from Company stock into the fund(s) of their own choice. The Company has the discretion not to make matching contributions at all, to change the percentage of matching funds, and/or to contribute "property" instead of Company stock.

## MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the Court must accept as true all factual allegations in the complaint. *Broyde v Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994). A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. *State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc.*, 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

## IMPRUDENT INVESTMENT

Under ERISA, a fiduciary must discharge his duties with respect to the plan solely in the interest of the participants and beneficiaries and "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B).

Defendants contend that the Court should apply an "abuse of discretion" standard in reviewing Defendants' alleged misconduct because the Plan's investments in Company stock are

2

exempt from the duty to diversify and are subject to a limited duty of prudence. ERISA provides that, in the case of an eligible individual account plan, the diversification requirement and prudence requirement (only to the extent that it requires diversification) are not violated by acquisition or holding of qualifying employer securities. 29 U.S.C. § 1104(a)(2). An employee stock ownership plan ("ESOP")[1] is categorized as an "eligible individual account plan"under ERISA. *Edgar v. Avaya, Inc.*, 503 F.3d 340, 347 (3d Cir. 2007). The parties dispute whether the Plan in this case is an ESOP.

Congress carved out specific exceptions to certain ERISA fiduciary duties in the case of an ESOP. *Kuper v. Iovenko*, 66 F.3d 1447, 1458 (6th Cir. 1995). An ESOP fiduciary is exempted from the duty to diversify the investments of the plan and from ERISA's strict prohibitions against self-dealing. *Id*. at 1457. Thus, as a general rule, ESOP fiduciaries cannot be held liable for failing to diversify investments, regardless of whether diversification would be prudent under the terms of an ordinary non-ESOP pension plan. *Id*. The exemption for ESOPs does not, however, relieve the fiduciary from the general fiduciary responsibility provisions of ERISA, which require, among other things, that the fiduciary discharge his duties respecting the plan solely in the interests of the plan participants and beneficiaries and in a prudent fashion. *Id*.

The Sixth Circuit has found that a proper balance between the purpose of ERISA and the nature of ESOPs requires that the court review an ESOP fiduciary's decision to invest in employer securities under an abuse of discretion standard. *Kuper*, 66 F.3d at 1459. "In this regard, we will presume that a fiduciary's decision to remain invested in employer securities was reasonable." *Id*.

---

[1] An ESOP is a type of ERISA plan that invests primarily in the stock of the employer creating the plan. *Shirk v. Fifth Third Bancorp.*, 2007 WL 1100429 at * 9 (S.D. Ohio April 10, 2007).

3

A plaintiff may then rebut this presumption of reasonableness by showing that a prudent fiduciary acting under similar circumstances would have made a different investment decision. *Id.*; *see also Moench v. Robertson*, 62 F.3d 553, 571 (3d Cir. 1995) (EIAP fiduciary who invests in employer stock is presumed to have acted consistently with ERISA; however, a plaintiff may overcome this presumption by showing that the fiduciary abused his or her discretion).

Whether the Plan is an ESOP is a question of fact. *Shirk*, 2007 WL 1100429 at * 9 (inappropriate on a motion to dismiss to make a factual finding as to whether Plan qualifies as an ESOP); *see also In re AEP ERISA Litigation*, 327 F.Supp.2d 812, 828 (S.D. Ohio 2004) (not appropriate to determine on a motion to dismiss whether Plan qualifies as an ESOP). Courts have found that dismissal under either *Kuper* or *Moench* is inappropriate at the motion to dismiss stage of the proceedings. *In re The Goodyear Tire & Rubber Co. ERISA Litigation*, 438 F.Supp.2d 783, 793 (N.D. Ohio 2006). "Importantly, neither *Kuper* nor *Moench* mandates dismissal on the pleadings." *Id*.

On a motion to dismiss, the Court must view the facts in a light most favorable to the Plaintiff, who argues that the Plan is not an ESOP and not subject to the statutory exemption. Defendants argue the alleged facts are not sufficient to meet the "abuse of discretion" standard, but the Court cannot find that the ESOP exemption or the abuse of discretion standard applies until it determines whether the Plan is an ESOP. If, as Plaintiff contends, the Plan is not an ESOP, then no presumption or exemption applies, and the Court must determine whether Plaintiff has stated a claim under 29 U.S.C. § 1104(a)(1)'s "prudent man" standard. For purposes of a Motion to Dismiss, at this stage of this litigation, Plaintiff has stated such a claim.

4

Accepting for purposes of this motion that Plaintiff's allegations are true, the Court finds that Plaintiff has stated a claim for breach of the fiduciary duty of prudent investing. For these reasons, Defendants' Motion to Dismiss is denied on Plaintiff's claim for breach of the duty of prudence.

## DUTY TO DISCLOSE

Under ERISA, a fiduciary has an obligation to convey complete and accurate information to its beneficiaries. *Goodyear*, 438 F.Supp. 2d at 794. This duty to disclose entails not only a negative duty not to misinform, but also an affirmative duty to inform when silence might be harmful. *Id*. The Sixth Circuit has limited the duty of disclosure, however, to include only those things about which ERISA requires disclosure. *Id*. (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 405 (6th Cir. 1998)). Therefore, any claim for breach of duty to disclose will be limited to only those disclosures required by ERISA. *Id*. *See* 29 U.S.C. §§ 1021-1026.

With regard to alleged misrepresentations, those made in public documents/statements that are not specifically tied to Plan benefits are not actionable under ERISA. *Goodyear*, 438 F.Supp. 2d at 795. Any misrepresentations made in official Plan documents or incorporated by reference in those documents, however, are actionable under ERISA. *Id.* Whether the communications constituted misrepresentations and whether they were material are questions of fact. *AEP*, 327 F.Supp.2d at 832.

Defendants do not have an affirmative duty under ERISA to provide plaintiff participants with non-public information regarding the company's financial condition. *In re Ferro Corp. ERISA Litigation*, 422 F.Supp.2d 850, 864 (N.D. Ohio 2006). "Although the individual Defendants had an obligation to protect the Plans under these circumstances because of their duties of prudence and

5

loyalty, they did not have a duty to disclose non-public information to plan participants about the accounting irregularities." *Id*. The defendants' affirmative duty to disclose is limited to the disclosure requirements set forth in 29 U.S.C. §§ 1021-1026. *Id*.

Defendants argue that there was no disclosure requirement with regard to Company stock because Company stock was not an investment option for participants. Defendants do not deny, however, that participants could divest their shares of Company stock and move the contribution to an investment of their own choosing under the Plan.

Defendants also argue that they were not acting in a fiduciary capacity when they made the alleged misrepresentations. Under ERISA, a person is a fiduciary with respect to a plan to the extent that (1) he exercises any discretionary authority of discretionary control respecting management of the plan or management or disposition of assets or (2) he has any discretionary authority or discretionary control responsibility in the administration of the plan. 29 U.S.C. § 1002(21)(A); *In re JDS Uniphase Corp. ERISA Litigation*, 2005 WL 1662131 at * 2 (N.D. Cal. July 14, 2005). Fiduciary status is not an all-or-nothing concept, and the Court must ask whether a person is a fiduciary with respect to the particular activity or issue. *Id*.

The issue of fiduciary status is a mixed question of law and fact. *Hamilton v. Carell*, 243 F.3d 992, 997 (6th Cir. 2001); *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 284 F.Supp.2d 511, 543 (S.D. Texas 2003).[2] Fiduciary status is a fact-intensive inquiry, making the resolution of that issue inappropriate for a motion to dismiss. *Moeckel*, 385 F.Supp.2d at 683; *In*

---

[2] Where the facts are not in question, a party's status as a fiduciary is purely a question of law. *Hamilton*, 243 F.3d at 997. Where facts are in dispute, the issue is a mixed question of law and fact. *Id*., *Briscoe v. Fine*, 444 F.3d 478, 486 (6th Cir. 2006); *Moeckel v. Caremark RX, Inc.*, 385 F.Supp.2d 668, 683 (M.D. Tenn. 2005).

*Re AEP*, 327 F.Supp.2d at 827. It is typically premature to determine a defendant's fiduciary status at the motion to dismiss stage of the proceedings. *Id*.

To the extent Plaintiff alleges breach of fiduciary duty for failure to disclose non-public information or information beyond the disclosure requirements of ERISA, 29 U.S.C. §§ 1021-1026, Defendants' Motion to Dismiss is granted. To the extent Plaintiff alleges failure to disclose or misrepresentation of public information required by ERISA to be disclosed, Plaintiff has stated a claim for which relief could be granted and Defendants' Motion to Dismiss is denied.

## CONFLICTS OF INTEREST

ERISA imposes a duty of loyalty, requiring fiduciaries to act solely in the interest of the participants and beneficiaries. 29 U.S.C. § 1104(a)(1). The duty of loyalty requires that all decisions regarding an ERISA plan must be made with an eye single to the interests of the participants and beneficiaries. *Ferro*, 422 F.Supp.2d at 866. A conflict of interest does not exist simply because a fiduciary also works as an agent of the employer. *Id*. Moreover, a conflict of interest does not exist simply because a fiduciary holds company stock and is paid according to company performance. *Id*. However, when those dual interests conflict, the duty of loyalty is implicated. *Id*.

Under ERISA, a fiduciary may have financial interests adverse to beneficiaries. Employers, for example, can be ERISA fiduciaries and still take actions to the disadvantage of employee beneficiaries when they act as employers or even as plan sponsors. *Pegram v. Herdrich*, 120 S.Ct. 2143, 2152 (2000). ERISA does require, however, that the fiduciary with two hats wear only one at a time and wear the fiduciary hat when making fiduciary decisions. *Id*. In every case charging breach of ERISA fiduciary duty, then, the threshold question is not whether the actions of some
7

person adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary when taking the action subject to the complaint. *Id*. as 2152-53.

Employers who are also plan sponsors wear one hat as a fiduciary in administering or managing the plan for the benefit of participants and another hat as an employer in performing settlor functions such as establishing, funding, amending and terminating the trust. *Hunter v. Caliber System, Inc.*, 220 F.3d 702, 718 (6th Cir. 2000). The fiduciary obligations imposed by ERISA are implicated only where an employer acts in its fiduciary capacity. *Id*.

Thus, the Court must examine whether the conduct at issue constitutes management or administration of the plan, giving rise to fiduciary concerns, or merely a business decision that has an effect on an ERISA plan, not subject to fiduciary standards. *Hunter*, 220 F.3d at 718. The fact that an action taken by an employer to implement a business decision may ultimately affect the security of employee's welfare benefits does not automatically render the action subject to ERISA's fiduciary duties. *Id.* Only discretionary acts of plan management or administration, or those acts designed to carry out the very purposes of the plan, are subject to ERISA's fiduciary duties. *Id.*; *see also Sengpiel v. B.F. Goodrich Co.*, 156 F.3d 660, 665-66 (6th Cir. 1998).

"ERISA is designed to accomplish many worthwhile objectives, but the regulation of purely corporate behavior is not one of them." *Akers. v. Palmer*, 71 F.3d 226, 229 (6th Cir. 1995). Because an employer has no affirmative duty to create a benefits plan for its employees, only actions respecting the administration or management of plan assets are subject to fiduciary standards. *Id*. at 230. That is, a company is only subject to fiduciary restrictions when managing a plan according to its terms, but not when it decides what those terms will be. *Id*. Thus, if Defendants here chose

8

to change the terms of the Plan to eliminate investment in Company stock, they would be acting as settlors, not as fiduciaries. *See Ferro*, 422 F.Supp.2d at 859.

The Plan here provides that the Company may make its contribution to the Plan in the form of property. The Plan specifically states: "The decision to make a contribution of property is subject to the general fiduciary rules under ERISA." Defendants' Exhibit A (Plan Document), Article 2.1(c) (p. ERISA 012). Under these facts, particularly in light of the above language of the Plan, it is possible that Plaintiff could establish a claim for breach of fiduciary duty with regard to Defendants' decisions concerning whether to contribute property or Company stock. It is also possible that Plaintiff could not establish such a claim, but that decision is left for another stage of the litigation, not a motion to dismiss.

For these reasons, Defendants' Motion to Dismiss Plaintiff's claims based upon alleged conflicts of interest is denied.

## DUTY TO MONITOR

Plaintiff contends that the Company and Directors breached a fiduciary duty to monitor co-fiduciaries. The Directors argue that their power under the Plan was limited to appointing, retaining and removing members of the Investment Committee, with no power to control investment options or communicate Plan information. Defendants also contend that this claim is derivative of the other alleged breach of fiduciary duty claims and, therefore, must fail because those claims fail.

An appointing fiduciary has an ongoing duty to monitor its fiduciary appointees. *Ferro*, 422 F.Supp.2d at 863. *AEP*, 327 F. Supp. 2d at 832 ("There can be no doubt that the ERISA statutory scheme imposes a duty to monitor upon fiduciaries when they appoint other persons to make decisions about the plan.").

9

To the extent the Directors have the power to appoint, retain and remove members of the Investment Committee, then, they have a duty to monitor their fiduciary appointees. Defendants argue that Plaintiff has alleged no set of facts as to how Defendants breached that duty. Plaintiff has contended, however, that the investment decisions of the Investment Committee were imprudent and that the Defendants failed to disclose required information, each of which arguably, under Plaintiff's alleged facts, could have required the Directors to remove their appointed fiduciaries.

For these reasons, it is premature to dispose of Plaintiff's breach of the duty to monitor claims, and Defendants' Motion to Dismiss those claims is denied.

## CO-FIDUCIARY CLAIMS

ERISA provides that a fiduciary shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:

> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
>
> (2) if, by his failure to comply with ERISA in his administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
>
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a). This section does not impose vicarious liability - - it requires actual knowledge by the co-fiduciary. *AEP*, 327 F.Supp. 2d at 833; *Donovan v. Cunningham*, 716 F.2d 1455, 1475 (5th Cir. 1983).

Liability of a co-fiduciary presupposes liability of a fiduciary. Because the Court has found that Plaintiff's Amended Complaint states a claim for purposes of a motion to dismiss on the underlying breach of fiduciary duty claims, the Court finds that this claim survives Defendants'

10

motion as well.  Whether a Defendant fiduciary meets the requirements of Section 1105(a) cannot be determined at this preliminary stage of the litigation.

Accordingly, Defendants' Motion to Dismiss the co-fiduciary claims is denied.

## DIRECTOR LIABILITY

Defendants argue that the Defendant Directors have no discretionary authority or control over the Plan investments and so, they have no liability.

In situations where the Plan documents limit a Board of Directors' powers to appointing, retaining and removing members of a benefits committee, courts have dismissed ERISA breach of fiduciary claims based on allegations of improper investment decisions against members of the board of directors because of the limited role of the directors in relation to the plan.  *Rankin v. Rots*, 278 F.Supp. 2d 853, 872 (E.D. Mich. 2003); *In re Williams Companies ERISA Litigation*, 271 F.Supp. 2d 1328, 1339 (N.D. Okla. 2003).  Where directors are alleged to have power to select and appoint plan fiduciaries, they exercise discretionary authority or control respecting management of the plan; this duty, however, is limited to the selection and retention of such fiduciaries.  *JDS Uniphase*, 2005 WL 1662131 at * 10.

Plaintiff's Complaint alleges that the Directors exercised decisionmaking authority concerning the appointment of Plan fiduciaries and management of the Plan's assets. The Directors can be liable only to the extent of their power, so if that power in fact extends only to appointing Plan fiduciaries, then their duty extends only to the selection and retention of such fiduciaries and their ultimate liability will be limited thereto.  The extent of the Directors' power and whether they breached any fiduciary duty in exercising that power are factual questions, however, which cannot be determined on a motion to dismiss.

Therefore, Defendants' Motion to Dismiss all claims against the Director Defendants is denied.

## CONCLUSION

For all these reasons, Defendants' Motion to Dismiss (Docket No. 22) is granted in part and denied in part as explained herein. Plaintiff's claims for breach of the duty to disclose are dismissed with regard to any non-public information and information beyond the specific disclosure requirements of ERISA.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE